UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ROGUELIO GUZMÁN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 4:18-cv-9 |
| | ) |
| PACKARD PACIFICA, INC. d/b/a | ) |
| HOLIDAY INN LAFAYETTE-CITY | ) |
| CENTRE, | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Roguelio Guzmán ("Guzmán") brings this action against Defendant Packard Pacifica, Inc. d/b/a Holiday Inn Lafayette-City Centre and alleges as follows:

## OVERVIEW

1. Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq, by failing to properly inform Guzmán of the provisions of the tip-credit subsection of the FLSA and by requiring Guzmán to participate in unlawful tip pooling whereby he was required to share his tips with employees who do not customarily and regularly receive tips. Additionally, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq ("Title VII") and/or the Equal Pay Act of 1963, 29 U.S.C. § 206 et seq ("EPA") by compensating him at a lower rate than a similarly situated female co-worker and by retaliating against Guzmán when he complained about the same.

## PARTIES

2. Guzmán is an individual who resides in Tippecanoe County, Indiana. He was employed by Defendant within the meaning of the FLSA within the three year period preceding

the filing of this complaint. At all times hereinafter mentioned, Guzmán was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

3. Defendant is a California corporation that is not registered to do business in the State of Indiana. Defendant acted, directly or indirectly, in the interest of an employer with respect to Guzmán. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

4. This Court has jurisdiction over Defendant because Guzmán has asserted a claim arising under federal law.

## VENUE

5. Venue is proper in the Northern District of Indiana pursuant to 29 U.S.C. § 216(b).

## COVERAGE

6. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTS

8. Guzmán began his employment with Defendant on October 1, 2015.

9. From October 1, 2015 – early 2016, Guzmán held the position of Supervisor. In addition to his duties as Supervisor, Guzmán also performed the duties of the position of Server. While working in the position of Server, Guzmán earned tips in addition to his regular hourly wages.

10. In Early 2016, Guzmán was informed Defendant would no longer allow Supervisors to retain the tips they earned. Instead, Guzmán was required to distribute the tips he earned as a Server to other employees including bartenders, bussers, and cooks.

11. In or about mid-2016, Defendant gave Guzmán the option of either keeping the tips he earned as a Server along with a reduced hourly wage or to receive only his regular hourly wage while continuing to distribute any tips he earned as a Server to other employees.

12. Defendant promoted a female Server to Supervisor in 2017. That individual, who was similarly situated to Guzmán, was paid at higher rate than was Guzmán. Specifically, she was allowed to retain the tips she earned as a Server as well as her regular hourly wages without any reduction whereas Guzmán was not afforded that same term and condition of employment.

13. In June 2017, Guzmán engaged in protected activity by complaining about this pay discrepancy both orally and in writing to Defendant's Human Resources.

14. Following his complaints, Defendant retaliated against Guzmán by reducing his shifts from three per week to one per week, not honoring time off requests for Guzmán but honoring them for the similarly situated female Supervisor, by scheduling the similarly situated female Supervisor to work on one of Guzmán's regularly scheduled days when a large table had been reserved, and, ultimately, by terminating Guzmán's employment on August 11, 2017.

## COUNT I: VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

15. Guzmán hereby incorporates paragraphs one (1) through fourteen (14) of his Complaint.

16. Defendant did not properly inform Guzmán of the provisions of the tip-credit subsection of the FLSA.

17. Section 3(m) of the FLSA requires that, in order for an employer to take the tip credit against the minimum wage prescribed in Section 6 of the FLSA, the tipped employee must retain all tips earned by the employee unless participating in a valid tip pooling program with other customarily tipped employees.

18. Defendant's obligatory "tip out" program included the sharing of tips with cooks.

19. Because Defendant's tip pooling program required Guzmán to share a portion of the tips he received with Defendant's cooks who did not customarily receive tips, Defendant did not qualify to claim the tip credit from Section 3(m) of the FLSA against Guzmán's minimum wage.

20. Defendant failed to pay Guzmán the minimum wage required by Section 6 of the FLSA.

21. Guzmán has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: VIOLATIONS OF TITLE VII

22. Guzmán hereby incorporates paragraphs one (1) through fourteen (14) of his Complaint.

23. Defendant discriminated against Guzmán in violation of Title VII.

24. Defendant retaliated against Guzmán in violation of Title VII.

25. Defendant's actions were intentional, willful, and/or undertaken in reckless

disregard of Guzmán's rights as protected by Title VII.

26. Guzmán has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: VIOLATION OF THE EPA

27. Guzmán hereby incorporates paragraphs one (1) through fourteen (14) of his Complaint.

28. Defendant discriminated against Guzmán in violation of the EPA.

29. Defendant retaliated against Guzmán in violation of the EPA.

30. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of Guzmán's rights as protected by the EPA.

31. Guzmán has suffered damages as a result of Defendant's unlawful actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Roguelio Guzmán requests that this Court find in his favor and provide him with the following relief:

1. Order Defendant, pursuant to Section 16(b) of the FLSA, to pay to Guzmán all unpaid minimum wages due to Guzmán as well as liquidated damages equal in amount to the unpaid compensation found due to Guzmán;

2. Order Defendant to reinstate Guzmán to the position of Supervisor, or to a comparable position, or pay to Guzmán front pay in lieu thereof;

3. Order Defendant to pay to Guzmán all lost wages, compensation, and monetary loss suffered as a result of Defendant's unlawful actions;

4. Order Defendant to pay to Guzmán compensatory damages;

5. Order Defendant to pay to Guzmán punitive damages;

6. Order Defendant to pay to Guzmán all attorney's fees, litigation expenses, and

costs incurred as a result of bringing this action;

7. Order Defendant to pay to Guzmán pre- and post-judgment interest on all sums recoverable;

8. Enjoin Defendant from future acts of discrimination and/or retaliation in violation Title VII and/or the EPA; and

9. Order Defendant to provide Guzmán with all other legal and/or equitable relief to which he is entitled.

Respectfully submitted,

s/ Andrew G. Jones
Andrew G. Jones (#23020-49)
LAW OFFICE OF ANDREW G. JONES
9465 Counselors Row, Suite 200
Indianapolis, Indiana 46240
Telephone: (317) 616-3671
E-Mail: ajones@andrewgjoneslaw.com

Attorney for Plaintiff